# In the Federal District Court for the District of Maryland

| | |
|---|---|
| **PARTY INFORMATION:** | In the Federal District Court for the District of Maryland |
| | Docket No. |
| Darlene Esposito<br>PO Box 1808<br>Newark N.J. 07101<br>      Plaintiff, | FILED ____ ENTERED<br>____ LOGGED ____ RECEIVED<br><br>DEC - 8 2023<br>AT BALTIMORE<br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>BY _____ DEPUTY |
| Vs. | COMPLAINT |
| Custodian Privacy Act/FOIA<br>Social Security Administration<br>Commissioner's Department of Health<br>and Human Services HCFA: Director<br>Division Pay Services and Accounting<br>7500 Security Boulevard<br>Baltimore, M.D. 21244<br>      Defendants. | |

This complaint is formed on legal standpoints and request for an Appeal on the denial of the SSA letter dated September 9, 2023, a Saturday and a non-working day and considered a non-business day, and thereafter post marked September 12, 2023 a Tuesday and a business working day. A review of this Court will decide if there is affirmative jurisdiction of the SSA Office of Appeals in the initiation process of the Privacy Act request Dated April 6, 2022 *Exhibit A. postal receipt of FOIA and the original request.* The deemed drafted denial dated Sept. 9, 2023 is vague and general and the Voice Mail Message left on 10/4/2023 to Michelle L. Christ was not returned leaving the petitioner guessing if an appeal request of the letter dated September 9, 2023 should be filed with this Court or the SSA Office of Appeals. It is petitioner belief she is proper asking the Court to review the determination dated Sept. 9, 2023.

The Issues presented to this Court and Privacy Act request prepared and mailed on 9/07/2023 expected delivered on September 11, 2023 to the Privacy Act/FOIA custodian at the address <u>SSA OEIO DEBS FOIA PO Box 3302 Baltimore MD 21290</u> Exhibit B *Forms SSA-711, SSA-714*. Petitioner made several rounds of Privacy Act request; through this Court petitioner is seeking an answer to the documentation request mailed on April 6, 2023 to <u>Social Security Office of Privacy and Disclosure G401 Security Blvd. Baltimore MD 21235</u> Exhibit A, and the request post-dated September 7, 2023. *Exhibit B* considered in the letter dated September 9, 2023, and thereafter mailed from Baltimore on September 12, 2023.

Petitioner was assuming the letter of September 9, 2023 was verification regarding the Privacy Act request post marked September 7, 2023 which would be within the 20 days deemed a timely response. But after carful review of the letter dated Sept. 9, 2023 it is believed was a response from request dated April 6, 2023 Exhibit A; which are considered well over the 20 days allowed by Privacy Act/ FOIA citing separately title 5 U.S.C. §§ 552(a)(3)(A), 552(a)(6)(A)(i) and §552(a)(9)(G)(i) and SSA *programs operation manual system* GN 03360.045 *Privacy Act Administration - Time Limits*. The FOIA Custodian has not met the central part of the FOIA request citing any of the time limits mentioned above to reply. Petitioner is requesting a review to make clear, the action taken on the FOIA/PA requests post marked September 7, 2023 and April 6, 2023 and verify the appeal regarding the FOIA requests that was not cited in the letter dated September 9, 2023 nor by a return call to my voice message on October 4, 2023.

I allege that my Privacy Act/ FOIA request was abandoned by the agency. As a petitioner I ask that the Court over see this complaint to take notice that all of the causes filed are ultimately resolved and that those resolutions are for release of documentations from the defendants. The failure not to release reports as they are entered in the SSA office cannot isolate itself from wrongful disclosure damages when an agency alleges justification from exemption under the Privacy Act and Freedom of Information Act.

In addition, the SSA commissioners may be a defendant in the matter and a verified complaint in this action was served. Exhibit A. After review of the issues mentioned in this complaint, the official responsible for investigating or reviewing the statements made herein may issue a transfer order to the Court who has jurisdiction to review conspicuous acts by government employees.

Submitted By:

*Darlene Esposito*

DARLENE R. ESPOSITO

DATED: 12/04/23

## CERTIFICATION OF SERVICE

I <u>Darlene Esposito</u> herby certify that on this, 04 Day of November 2023; I served the foregoing Complaint by causing to be mailed postage prepaid by Certified Mail [2] copies of <u>Complaint</u> and exhibits to the following individuals/organization; <u>Office of Financial Operations P.O. Box 17042 Baltimore, Maryland 21235,   Office of Program Law Office of the General Counsel Social Security, Administration 6401 Security Boulevard Altemeyer Building, Room 617 Baltimore, MD 21235-6401, Social Security Administration Center for Disability and Program Support Regional Privacy Coordinator Room 1002 601 E 12 Street  Kansas City, MO 64106,  Social Security Administration Office of Privacy and Disclosure ATTN: Freedom of Information Officer WHR G401 6401 Security Boulevard Baltimore, MD 21235</u>

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was created in Edison NJ on November 01, 2023 and thereafter served on December 4, 2023

Submitted By:

*(signature)*

DARLENE R. ESPOSITO
DATED: 12/07/23